FILED: September 15, 2003

**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT
_____

No. 01-22
(CR-97-329-L)
_____


UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

DONALD LEE FEREBE,

                                    Defendant - Appellant.



_____

On Petition for Rehearing and Rehearing En Banc
_____


        The government's petition for rehearing and rehearing en banc and the appellant's response to the petition were submitted to this Court. As no member of this Court or the panel requested a poll on the petition for rehearing en banc, and

        As the panel considered the petition for rehearing and is of the opinion that it should be denied,

        IT IS ORDERED that the petition for rehearing and rehearing en banc is denied.

Entered at the direction of Judge Luttig for the Court.

For the Court

/s/ Patricia S. Connor
Clerk

NIEMEYER, Circuit Judge, in explanation of not requesting a poll on the petition for rehearing en banc:

The issue presented in this case -- whether 18 U.S.C. § 3593(a) creates an immediately appealable substantive right not to stand trial in a capital case -- is an important one that already is changing pretrial proceedings in capital cases in a significant way. See, e.g., United States v. Hatten, No. 3:02-00232, 2003 WL 21946458 (S.D. W. Va. Aug. 14, 2003) (granting before trial defendant's motion to bar the government from seeking the death penalty, based on the holding of this case). Even when a defendant's motion to bar the government from seeking the death penalty is denied because the notice was timely given, see United States v. Breeden, No. 3:02-00013, 2003 WL 22019060 (W.D. Va. Aug. 22, 2003), the proceedings are at risk of substantial delay because the ruling is subject to an immediate appeal by virtue of our holding. In my judgment, the issue raised by this case readily satisfies our requirements for en banc review.

But the history of this case suggests that immediate review by the Supreme Court would be a more efficient resolution of the debate. Six judges of this court have now heard argument and reviewed this case. The first panel split in such a manner that it could not resolve the case. Two judges voted that the court had jurisdiction and the third concluded otherwise, declining to

3

review the merits.  This left only two judges to decide the merits, and they split.  This panel has likewise split, but with a different grouping.  The prospect that this court's indecisiveness would continue <u>en</u> <u>banc</u> on a grander scale is accordingly very real, and the cost in judicial resources would hardly seem to justify the process.

For this reason, I do not request a poll of the court to rehear this case <u>en</u> <u>banc</u>, nor do I vote for rehearing.

LUTTIG, Circuit Judge, concurring in the denial of rehearing and denial of rehearing en banc:

I concur, of course, in the denial of panel rehearing, and in the full court's decision not to grant rehearing en banc. To be sure, our resolution of the deceptively and exceedingly difficult issue presented by this case may change the way in which the plea negotiations between the government and the defendant in some capital cases, and even the pretrial proceedings in those cases, will unfold. For example, as Judge Niemeyer implies, it may well be that the government will no longer be able to hold the prospect of prosecutorial pursuit of the death penalty over the defendant during plea negotiations (which is not a concern of the statute) and, then, when plea efforts fail, force the defendant to trial for capital murder in a shorter time than would reasonably be required to prepare for such a trial (which is the concern of the statute). Rather, the government simply may have to serve notice earlier and then negotiate from that posture of what I would think would be relatively greater strength, even if such does require more of the government and does confer more entitlement upon the defendant, pretrial.

I suspect that the instances in which the United States deliberately and for strategic advantage structures negotiations

5

so as to deprive the defendant of reasonable preparation time before his capital trial are few in number. But to the extent that I am mistaken as to the frequency of this occurrence (or to the extent that defendants are denied a reasonable time between notice and trial by no design of the prosecution whatsoever), I am untroubled by the consequences of the court's opinion, for they are nothing more than the inescapable ones that follow upon faithful application of the statute that the Congress of the United States enacted.

Nor do I agree with the further implication that might be drawn from Judge Niemeyer's opinion today, that our decision will otherwise significantly disrupt capital prosecutions. Beyond what I suspect are the relatively few cases (if any) predating issuance of our opinion in which unreasonably short notice had already been provided, I doubt that our court's opinion will have much effect at all. That it will not, I believe, is already beginning to be borne out by the two cases that have been decided under our opinion. See United States v. Breeden, No. 3:03-00013, 2003 WL 22019060 (W.D. Va. Aug. 22, 2003)(denying before trial defendant's motion to bar the government from seeking the death penalty, based on the holding of this case, where defendant was given six to seven months in which to prepare for capital trial); United States v. Hatten, No. 3:02-00232, 2003 WL 21946458 (S.D.

6

W. Va. Aug. 14, 2003)(granting before trial defendant's motion to bar the government from seeking the death penalty, based on the holding of this case, where defendant was given thirty-six days in which to prepare for capital trial).

Not only are these two cases excellent examples, in and of themselves, of the relative clarity and workability of the rule embodied in the statute Congress enacted; but, with these examples of the application of the rule now extant, it should be apparent that the appeals that might be taken from these and like cases can be disposed of easily and on an expedited basis, if not also without oral argument, thereby necessitating little delay. But, as is true with respect to the changes that may be worked in the plea negotiation process, to the extent that more complicated questions arise and delay does become unavoidable on occasion, such must be accepted (or at least indulged) as a cost of our more important insistence upon the rule of law. It is not ours to assess the consequences of various interpretations of a statute and then select that interpretation that we deem to yield the most palatable results, even if it is increasingly common, if not commonplace, to so proceed. Rather, we interpret the statute as enacted by the legislature and, if the results of that interpretation prove unpalatable, then the legislature may amend the statute accordingly.